UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

    v.

Jeovani Leonardo Huerta-Gonzalez,

        Defendant.

MEMORANDUM OPINION
AND ORDER
Criminal No. 16-319(3) ADM/KMM

_____

Jeovani Leonardo Huerta-Gonzalez, pro se.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Jeovani Leonardo Huerta-Gonzalez's ("Huerta-Gonzalez") Motion for Compassionate Release [Docket No. 261]. For the reasons set forth below, the Motion is denied.

## II. BACKGROUND

In January 2017, Huerta-Gonzalez entered a plea of guilty to Conspiracy to Distribute a Mixture and Substance Containing a Detectable Amount of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Plea Agreement [Docket No. 100]. On May 30, 2017, the Court sentenced Huerta-Gonzalez to a term of 180 months. Sentencing J. [Docket No. 146] at 2. The sentence was a substantial downward variance from the applicable sentencing guideline range of 240 months. Stmt. Reasons [Docket No. 147] at 2-4.

Huerta-Gonzalez now moves for a compassionate release sentence reduction under 18 U.S.C. § 3582(c)(1)(A). He argues that he "is serving an unusually long sentence outside the sentencing range of the established national average for similarly situated and worst situated offenders." Mot. at 5. He also argues that the Sentencing Commission is considering changes to

the sentencing guidelines pertaining to methamphetamine offenses, and that his sentence would be lower if he were sentenced under the future changes. Mem. Supp. Mot. [Docket No. 262] at 4-5.

### III. DISCUSSION

Generally, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One of the few exceptions to this general rule is the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court may reduce a term of imprisonment if, "after considering the factors set forth in section 3553(a)," the court finds that "extraordinary and compelling reasons" warrant a sentence reduction, "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The applicable policy statement for sentence reductions under § 3582(c)(1)(A) is found in § 1B1.13 of the Sentencing Guidelines. The policy statement includes a list of circumstances that qualify as extraordinary and compelling reasons for a sentence reduction. U.S.S.G. § 1B1.13(b). The list includes the following provision regarding unusually long sentences:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

Here, Huerta-Gonzalez is not serving an unusually long sentence. To the contrary, his sentence is five years below his applicable sentencing guideline range. Even if his sentence were

3

unusually long, reducing his sentence would not be consistent with U.S.S.G. § 1B1.13 because Huerta-Gonzalez has not served at least 10 years of his term of imprisonment. Accordingly, Huerta-Gonzalez is not entitled to a compassionate release sentence reduction.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Jeovani Leonardo Huerta-Gonzalez's Motion for Compassionate Release [Docket No. 261] is **DENIED.**

BY THE COURT:

Dated:  May 23, 2024

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT

4